PEOPLE v WILLIAMS

1. Criminal Law—Plea of Guilty—Plea Taking—Court Rules—
    Strict Compliance—Substantial Compliance.
    Substantial compliance with the court rule governing the advice
    which a judge must give to a pleading defendant with regard to
    the consequences of the defendant's status as a probationer or
    parolee before the defendant's plea of guilty is accepted is
    sufficient; literal or rote compliance is not required (GCR 1963,
    785.7).

2. Criminal Law—Plea of Guilty—Plea Taking—Court Rules—
    Substantial Compliance—Defendant's Knowledge.
    There was substantial compliance with the court rule governing
    the advice which a judge must give to a pleading defendant
    with regard to the consequences of the defendant's status as a
    probationer or parolee before the defendant's plea of guilty is
    accepted where at the time of plea taking the defendant, by his
    own admission, knew the effects of his guilty plea (GCR 1963,
    785.7).

Appeal from Berrien, Julian E. Hughes, J. Submitted October 24, 1977, at Detroit. (Docket No. 30082.) Decided November 9, 1977.

Robert Williams was convicted, on his plea of guilty, of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John Smietanka,* Prosecuting Attorney, and *Chris W. Dunfield,* Assistant Prosecuting Attorney, for the people.

*Drew and Drew,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 487, 489, 490.

Before: BASHARA, P. J., and R. M. MAHER and
D. C. RILEY, JJ.

PER CURIAM. Defendant appeals his plea-based
conviction of armed robbery, MCLA 750.529; MSA
28.797, arguing that the lower court failed to
advise him of ramifications involving the habitual
offender statute and probation or parole violation
which attend a plea of guilty. GCR 1963,
785.7(1)(c),(e).

Regarding the habitual offender statute, the de-
fendant can in no way be subject to its penalties
since in the plea agreement the prosecutor ex-
pressly waived any right to proceed against de-
fendant under the above statute. The prosecutor
does not argue otherwise on appeal.

With regard to probation and parole, we note
that "Rule 785.7 does not require literal or rote
compliance", *Guilty Plea Cases,* 395 Mich 96, 119;
235 NW2d 132 (1975), and that at the time of plea
taking defendant—by his later admission—knew
the effects of a guilty plea:

"THE COURT: Mr. Williams, you are here today for
sentencing as a result of you having pled guilty to the
crime of armed robbery. Is that correct:

"DEFENDANT: Yes, sir.

"THE COURT: And you understand the maximum
for that sentence is life imprisonment?

"DEFENDANT: Yes, sir.

"THE COURT: Now, you understand, it being an
armed robbery, that you must go to prison for a period
of time, that you cannot go on probation, as I interpret
the statute, for a minimum of two years?

"DEFENDANT: Yes.

"THE COURT: Now, were you on parole or probation
at the time that you committed this crime?

"DEFENDANT: Yes, sir, I was.

"THE COURT: You understood at the time that you

pled guilty that by pleading guilty to this charge you were, of course, confessing an automatic violation of that parole?

"DEFENDANT: Yes.

"THE COURT: And you would be punished for that too?

"DEFENDANT: Yes.

"THE COURT: Pardon?

"DEFENDANT: Yes, sir."

We hold under the present facts that the lower court substantially complied with GCR 1963, 785.7. *Guilty Plea Cases, supra.*

Affirmed.